UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| THE NORTHERN ASSURANCE COMPANY OF AMERICA, | ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:09CV171RWS |
| MICHAEL KENDALL, CHRISTOPHER KENDALL and EDWARD KENDALL, | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Sydney Kendall lost her arm in accident that occurred on the Lake of the Ozarks while accompanied by her father, Defendant Michael Kendall, her grandfather, Defendant Edward Kendall, and her uncle, Defendant Christopher Kendall. Michael Kendall held an insurance policy with Plaintiff The Northern Assurance Company of America. He and the other defendants have demanded a defense and indemnity under the Northern Assurance policy for any claim of damages Sydney Kendall may have against them. Northern Assurance filed this lawsuit seeking a declaration that it has no obligation to defend and/or indemnify Defendants. Defendants have moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(7) for failure to join a necessary party.

For the reasons below, I will deny Defendants' motion.

*Background*

In its complaint, Northern Assurance alleges:

On May 12, 2007, Sydney Kendall was on the Lake of the Ozarks with her father, Michael Kendall, her grandfather, Edward Kendall, and her uncle, Christopher Kendall. At that

time, Michael Kendall and his wife, Elizabeth Kendall, owned a 2007 Regal 3760 Commodore boat, which was insured by Northern Assurance. Michael Kendall also owned a 2004 Sea Doo personal watercraft.

On the afternoon of May 12, 2007, Sydney Kendall was aboard the Sea Doo with Christopher Kendall and Kylie Kendall.[1] The throttle of the Sea Doo became engaged and a line held by Christopher Kendall struck or caught Sydney Kendall's right arm as the Sea Doo moved forward in the water. Sydney Kendall's arm was severed below the elbow.

Michael Kendall, Christopher Kendall and Edward Kendall have each requested that Northern Assurance defend and/or indemnify them with respect to the accident in which Sydney Kendall was injured for any claim of damages Sydney may make against them. Northern Assurance filed this lawsuit seeking a declaration that it has no liability to Defendants because the policy excludes liability among family members, because neither Christopher Kendall nor Edward Kendall were insured under the policy, and because the Regal was not the cause of the accident.

## Legal Standard

Rule 12(b)(7) authorizes a motion to dismiss for failure to join a party under Rule 19. Fed. R. Civ. P. 12(b)(7). Rule 19(a) provides,

> (1) *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the

---

[1] It is not clear from the Complaint what the relationship of Kylie Kendall is to the other family members.

action and is so situated that disposing of the action in the person's absence may:
  (i) as a practical matter impair or impede the person's ability to protect the interest; or
  (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).

*Discussion*

Defendants argue that Northern Assurance's complaint should be dismissed for failing to join Sydney Kendall as a necessary party. Northern Assurance contends that Sydney Kendall is not a required party under Rule 19(a). Northern Assurance argues defendants possess the same interest in this proceeding that Sydney Kendall does and disposing of the action in her absence will not "impair or impede" her ability to protect her own interest. Northern Assurance also argues that even if Sydney Kendall is a required party, dismissal is improper.

I must first decide whether Sydney Kendall is a required party. To qualify as a required party, she must be subject to service of process and her joinder cannot deprive the court of subject-matter jurisdiction. Fed. R. Civ. P. 19(a). There is no indication in the Complaint that Sydney Kendall is not subject to service of process and Northern Assurance does not claim that service of process is impossible. The Complaint alleges that Sydney Kendall is a citizen of Missouri and Northern Assurance is a citizen of Vermont and Massachusetts. Thus, joinder of Sydney Kendall will not deprive this Court of diversity jurisdiction.

The parties dispute whether Sydney Kendall "claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may as a practical matter impair or impede [her] ability to protect the interest." Fed. R. Civ. P. 19(a)(1).

The Supreme Court has recognized that when an insurance company brings a declaratory judgment action against its insured, an actual controversy exists between the insurance company and the injured person. Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 274 (1941). This is true "even though [the injured person] is not a party to the insurance contract." Associated Int'l Ins. Co. v. Crawford, 182 F.R.D. 623, 629 (D. Colo. 1998); Maryland Casualty Co., 312 U.S. at 274. For this reason, in a declaratory judgment action by an insurance company seeking to determine its liability from an occurrence between its insured and an injured person, the injured person is a necessary party. Am. Standard Ins. Co. of Wisconsin v. Rogers, 123 F. Supp.2d 461, 467 (S.D. Indiana 2000); United States Fire Ins. Co. v. Milton Co., 938 F. Supp. 56, 57 (D.D.C. 1996); Crawford, 182 F.R.D. at 629; see also Fathers of the Order of Mount Carmel, Inc. C. Nat'l Ben Franklin Ins. Co. of Illinois, 697 F. Supp. 971, 973 (N.D. Ill. 1988). As the injured person in this declaratory judgment lawsuit, Sydney Kendall is a necessary person who must be joined.

Having determined that Sydney Kendall is a necessary, or required, person, I now turn to whether dismissal is proper in this instance. The Eighth Circuit has previously cautioned that "the proper procedure under Rule 19(a) is to give the parties an opportunity to bring in such a party, not to dismiss the action." Ranger Transp., Inc. v. Wal-Mart Stores, 903 F.2d 1185, 1187 (8th Cir. 1990). Because the record contains no indication that joinder of Sydney Kendall is not feasible, I will not consider dismissal at this time. Should joinder of Sydney Kendall prove to be impossible, Defendants may again raise the issue. See Fed. R. Civ. P. 19(b).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss [#8] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff join Sydney Kendall as a defendant in this matter.

Dated this 22nd day of April, 2009.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE