# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| THE NORTHERN ASSURANCE COMPANY OF NORTH AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:09CV171RWS |
| MICHAEL KENDALL, CHRISTOPHER KENDALL, EDWARD KENDALL, and SYDNEY KENDALL, | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Defendant Sydney Kendall was severely injured as a result of an accident at the Lake of the Ozarks. At the time of the accident, she was boating with her father, Defendant Michael Kendall, her grandfather, Defendant Edward Kendall, and her uncle, Defendant Christopher Kendall. Michael Kendall held an insurance policy with Plaintiff The Northern Assurance Company of America. Michael Kendall, Edward Kendall, and Christopher Kendall demanded a defense and indemnity under the Northern Assurance policy for any claim of damages Sydney Kendall may have against them. Northern Assurance filed this admiralty lawsuit seeking a declaration that it has no obligation to defend and/or indemnify Michael Kendall, Christopher Kendall, or Edward Kendall.

Several months after Northern Assurance filed this declaratory judgment action, Defendant Sydney Kendall obtained a judgment in the Circuit Court of Jackson County, Missouri against Michael Kendall, Christopher Kendall, and Edward Kendall.  Sydney Kendall then filed an equitable garnishment petition in Jackson County, Missouri against Northern Assurance, Michael Kendall, Christopher Kendall, and Edward Kendall.  That petition is currently pending in state court.  Defendants have moved to dismiss or stay this declaratory judgment action due to the existence of those state proceedings.

For the reasons below, I will stay the proceedings during the pendency of the parallel state proceedings.

***Background***

*Allegations in Northern Assurance's Complaint*

On May 12, 2007, Sydney Kendall was on the Lake of the Ozarks with her father, Michael Kendall, her grandfather, Edward Kendall, and her uncle, Christopher Kendall.  At that time, Michael Kendall and his wife, Elizabeth Kendall, owned a 2007 Regal 3760 Commodore boat, which was insured by Northern Assurance.  Michael Kendall also owned a 2004 Sea Doo personal watercraft.

On the afternoon of May 12, 2007, Sydney Kendall was aboard the Sea Doo with Christopher Kendall and Kylie Kendall.[1] The throttle of the Sea Doo became engaged and a line held by Christopher Kendall struck or caught Sydney Kendall's right arm as the Sea Doo moved forward in the water. Sydney Kendall's arm was severed below the elbow.

Michael Kendall, Christopher Kendall, and Edward Kendall have each requested that Northern Assurance defend and/or indemnify them for any claim of damages Sydney Kendall may make against them with respect to the Sea Doo accident. Northern Assurance filed this lawsuit seeking a declaration that it has no liability to Defendants because the policy excludes liability among family members, because neither Christopher Kendall nor Edward Kendall was insured under the policy, and because the Regal was not the cause of the accident.

*State Proceedings*

On May 6, 2009, Sydney Kendall obtained a judgment in the Circuit Court of Jackson County, Missouri, against Michael Kendall, Christopher Kendall, and Edward Kendall in the amount of ten million dollars ($10,000,000). On June 5, 2009, Sydney Kendall filed an action seeking equitable garnishment under

---

[1] It is not clear from the Complaint what the relationship of Kylie Kendall is to the other family members.

Missouri law against Michael Kendall, Christopher Kendall, Edward Kendall, and Northen Assurance in the Circuit Court of Jackson County, Missouri. That petition, <u>Sydney Kendall v. The Northern Assurance Company, et al.</u>, No. 0916-CV18325, is currently pending in state court.

*Choice of Law Provision*

The insurance policy issued for the Regal contained a choice-of-law provision. The policy provided:

> **GOVERNING LAW**
> The rights and obligations of the parties under this policy shall be governed by the general maritime law of the United States.

**Legal Standard**

Federal Courts may sometimes refrain from exercising jurisdiction over cases properly filed in federal court. <u>Royal Indemnity Co. v. Apex Oil Co.</u>, 511 F.3d 788, 792 (8th Cir. 2008). "The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." <u>County of Allegheny v. Frank Mashuda Co.</u>, 360 U.S. 185, 188 (1959). Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." <u>Colorado River Water Conservation Dist. v.</u>

United States, 424 U.S. 800, 817 (1976).  Under the Colorado River standard, "a federal court should only abstain from a case in which there are parallel state proceedings for 'exceptional circumstances.'"  Royal Indemnity, 511 F.3d at 792.

The Supreme Court has held that the Colorado River standard does not apply to actions under the Declaratory Judgment Act.  Wilton v. Seven Falls Co., 515 U.S. 277, 289–90 (1995).  The Declaratory Judgment Act provides that a court "*may* declare the rights and other legal relations of any interested parting seeking such declaration."  28 U.S.C. § 2201(1) (emphasis added).  Accordingly, "[f]ederal courts have greater discretion to abstain in an action under the Declaratory Judgment Act."  Royal Indemnity Co., 511 F.3d at 792.  A district court abuses that discretion when it exercises jurisdiction in a declaratory judgment action to decide insurance coverage when there is a parallel state court proceeding that involves solely questions of state law.  Capitol Indemnity Corp. v. Haverfield, 218 F.3d 872, 875 (8th Cir. 2000).

## *Discussion*

### *"Exceptional Circumstances" vs. Discretionary Standard*

Defendants have moved to dismiss or stay this declaratory judgment action under the abstention doctrine of Wilton, 515 U.S. 277.  Northern Assurance argues

that abstention is improper because Defendants have failed to establish any "exceptional circumstances," as required by Colorado River, 424 U.S. 800.

Northern Assurance brought this action under the Declaratory Judgment Act. As discussed above, the discretionary standard of Wilton, and not the "exceptional circumstances" standard of Colorado River, governs actions brought under the Declaratory Judgment Act. Because the standard of Wilton governs this action, Defendants are not required to establish any "exceptional circumstances."

*Parallel State Proceedings*

Defendants argue that I should abstain from exercising jurisdiction due to the existence of parallel state proceedings governed exclusively by state law. Northern Assurance initially argued that there is no parallel court proceeding because the state case was removed to the United States District Court for the Western District of Missouri on July 15, 2009. On August 25, 2009, Judge Fenner remanded the state case to the Circuit Court of Jackson County, Missouri. As a result, Northern Assurance's argument that there is no parallel state proceeding is now moot.

*State vs. Federal Law*

Defendants argue that this action is governed by state law because the Supreme Court left "the regulation of marine insurance where it has been—with

the states." Wilburn Boat Co. v. Fireman's Fund Ins. Co., 348 U.S. 310, 321 (1955). Northern Assurance argues that the policy is governed by federal law because the policy's choice-of-law provision states that the "general maritime law of the United States" governs.

The general rule is that "[d]isputes arising under marine insurance contracts are governed by state law, unless an established federal admiralty rule addresses the issue raised." Assicurazioni Generali S.P.A. v. Black & Veatch Corp., 362 F.3d 1108, 1111 (8th Cir. 2004) (citing Wilburn Boat Co., 348 U.S. at 316–21). In Wilburn Boat, the Supreme Court declined to fashion admiralty rules to govern marine insurance policies and left the regulation of marine insurance to the states. 348 U.S. at 320–21.

Northern Assurance argues that this lawsuit does not raise a choice-of-law issue because a choice-of-law analysis is proper only "[i]n the absence of an effective choice of law by the parties." American Home Assurance Co. v. L & L Marine Service, Inc., 153 F.3d 616, 618 (8th Cir. 1998). The insurance policy in Wilburn Boat did not contain a choice-of-law provision. If the policy at issue here similarly did not contain a choice-of-law clause, the answer would be clear: state law controls the interpretation of maritime contracts. But, here, the insurance policy issued for the Regal provided that "[t]he rights and obligations of the

parties under this policy shall be governed by the general maritime law of the United States."

Neither party has identified any Supreme Court or Eighth Circuit cases that interpret whether state law governs a marine insurance policy that contain an express statement that the policy will be governed by maritime law.

The First Circuit addressed the issue in Littlefield v. Acadia Ins. Co., 392 F.3d 1 (1st Cir. 2004). The court concluded that state law should govern the interpretation of a maritime insurance policy that provided the "[p]olicy shall be governed by and construed under the general Maritime Law of the United States of America." Id. at 6. In its analysis, the court first inquired whether any federal statute governed the interpretation of the policy. Id. Next, it asked "whether there is a specific, federal, judicially-created rule governing the interpretation of [the] policy." Id. Finally, the court inquired whether, in the absence of a federal statute or federal rule governing the interpretation of the policy, the court should fashion a rule. Id. at 7.

In this case, Northern Assurance has not identified any federal statute or specific federal judicially-created rule that governs the interpretation of the policy provision excluding liability among family members. "The whole judicial and legislative history of insurance regulation in the United States warns [me] against

the judicial creation of admiralty rules to govern marine policy terms and warranties." Wilburn Boat, 348 U.S. at 316. As a result, I believe I should not fashion a rule regarding the policy provision. Having found no federal statute or judicially-created rule governing the interpretation of the maritime insurance policy and concluding that I should not fashion any such rule, I find that the state law of Missouri should govern the interpretation of this insurance policy. See Littlefield, 392 F.3d at 7.

*Abstention is Appropriate*

Because I would place myself in the difficult position of predicting how the Missouri Supreme Court would interpret the insurance policy in question, the state court is in the better position to adjudicate this matter. See Capitol Indemnity, 218 F.3d at 875. For this reason, I believe abstention is appropriate. Where the possibility of a return to federal court remains, a stay, rather than dismissal is the preferred mode of abstention. Id. at 875 n.2; Royal Indemnity, 511 F.3d at 797. As a result, I will stay, rather than dismiss, this action.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Sydney Kendall's motion to dismiss or, in the alternative, to stay [#27] is **DENIED in part** and **GRANTED in**

**part**. Defendant's motion to dismiss is DENIED. Defendant's motion to stay is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Michael Kendall, Christopher Kendall, and Edward Kendall's motion to dismiss or, in the alternative, to stay [#32] is **DENIED in part** and **GRANTED in part**. Defendants' motion to dismiss is DENIED. Defendants' motion to stay is **GRANTED**.

**IT IS FURTHER ORDERED** that all further proceedings in this action are **STAYED**, pending resolution of the parallel case pending in the Circuit Court of Jackson County, Missouri.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall administratively close this case and it shall be reopened upon motion of either party.

Dated this 10th Day of November, 2009.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE